UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Amber Reynolds,<br><br>             Plaintiff,<br><br>vs.<br><br>Cardenas Markets, Inc., *et al.*,<br><br>             Defendants. | Case No.: 2:15-cv-1151-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion to Remand filed by Plaintiff Amber Reynolds. (ECF No. 9). Defendants Cardenas Markets, Inc. and Marina Sosa filed a response in opposition, (ECF No. 12), and Plaintiff replied, (ECF No. 16). For the reasons stated herein, the Court will deny Plaintiff's Motion.[1]

## I.   BACKGROUND

This case arises out of a slip and fall that occurred at the Cardenas Market store located at 4700 Meadows Lane, Las Vegas, Nevada 89107 on August 17, 2013. (Compl. ¶¶ 8-9, ECF No. 1-2). Far from a model of specificity, the Complaint alleges merely that Plaintiff "slipped and fell due to a dangerous condition on Defendants' premises and was seriously injured . . . ." (*Id*. ¶ 9). Based on this, and the observation that "Defendants negligently failed to design, construct, control, supervise, repair, and maintain the

---

[1] Defendants also filed a Motion for Leave to File a Sur-Reply, (ECF No. 17). However, as the Court is denying Plaintiff's Motion, a sur-reply by Defendants would not alter the instant disposition. Accordingly, Defendants' Motion will be denied as moot. *See, e.g.*, *Liberty Mut. Ins. Grp. v. Panelized Structures, Inc.*, No. 2:10-cv-1951-JCM-PAL, 2012 WL 1185676, at *1 (D. Nev. Apr. 6, 2012).

premises," (*Id.* ¶ 8), the Complaint sets forth claims of (1) negligence and (2) respondeat superior against Defendants. (*Id.* ¶¶ 10-15).

Plaintiff filed this action in Clark County District Court on April 23, 2015. (*Id.* p. 1). Defendants removed the case to this Court on June 17, 2015, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. 1:24-25, ECF No. 1). It is undisputed that Plaintiff is a citizen of Nevada, Defendant Cardenas Markets is a citizen of California, and Defendant Sosa is a citizen of Nevada. (*Id.* at 1:24-26).

In the instant Motion, Plaintiff argues that this case lacks complete diversity because both Plaintiff and Defendant Sosa are Nevada citizens. Thus, Plaintiff asserts that the Court lacks jurisdiction, and that the case should be remanded to Clark County District Court. In their Response, Defendants claim that Defendant Sosa is fraudulently joined, and thus her citizenship should not be considered for the purposes of diversity jurisdiction.

## II.     LEGAL STANDARD

To remove a civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Although an action may be removed to federal court only where there is complete diversity of citizenship, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id*. Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow*

*Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).  In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity. *Morris*, 236 F.3d at 1067.

"The defendant seeking removal is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339.  However, the party asserting fraudulent joinder carries a "heavy burden" of persuasion. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).  "The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

## III.    DISCUSSION

Defendants argue that, despite the common citizenship of Plaintiff and Defendant Sosa, remand would be inappropriate because Defendant Sosa was fraudulently joined. In support, Defendants have submitted documentation showing that Defendant Sosa was not employed by the Cardenas Market store at the center of this case until three months *after* Plaintiff's fall. (Earnings Statement and Employee Payroll Change, ECF No. 12-1). Plaintiff does not dispute this assertion, and in fact concedes that "Dismissal of Defendant Sosa may be appropriate based on this newly produced documentation by Defendants." (Pl.'s Reply 3:7-8, ECF No. 16).

Indeed, because Plaintiff's negligence claim is premised upon the assertion that Defendant Sosa was working as the manager of the Cardenas Market store when the incident occurred, and it has since been shown that Defendant Sosa was not employed at the store at that time, there is no possibility that Plaintiff could establish a negligence cause of action against Defendant Sosa in this case.  Thus, the Court finds that Marina

Sosa is a fraudulently joined defendant, and her citizenship must be disregarded for the purposes of determining diversity jurisdiction.[2]

Therefore, as Defendant Cardenas Markets is a citizen of California and Plaintiff is a citizen of Nevada, it is apparent that the complete diversity requirement is satisfied in this case.  Because there is complete diversity among the parties and the amount in controversy exceeds $75,000,[3] the Court finds that the requirements of 28 U.S.C. § 1332 are satisfied, and Plaintiff's Motion to Remand will be denied.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 9), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File a Sur-Reply, (ECF No. 17), is **DENIED AS MOOT**.

**DATED** this __29__ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[2] Plaintiff additionally argues that this action lacks complete diversity because her claims are also asserted against numerous Doe defendants, several of which are likely citizens of Nevada. (Pl.'s Reply 3:16-4:20, ECF No. 16).  However, 28 U.S.C. § 1441(b)(1) provides that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of diversity jurisdiction.  Thus, the Court is not able to consider the possible citizenship of any Doe defendants in ruling upon the instant Motion. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

[3] Defendants have provided documentation showing that Plaintiff claims to have suffered at least $106,845.83 in medical damages. (Demand Letter, ECF No. 1-4).