UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Amber Reynolds, | |
| Plaintiff, | Case No.: 2:15-cv-1151-GMN-GWF |
| vs. | ORDER |
| Cardenas Markets, Inc., *et al.*, | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss filed by Defendants Cardenas Markets, Inc. and Marina Sosa. (ECF No. 3). Plaintiff Amber Reynolds filed a response in opposition, (ECF No. 10), and Defendants replied, (ECF No. 13). For the reasons stated herein, the Court will grant Defendants' Motion.

## I.  BACKGROUND

This case arises out of a slip and fall that occurred at the Cardenas Market store located at 4700 Meadows Lane, Las Vegas, Nevada 89107 on August 17, 2013. (Compl. ¶¶ 8-9, ECF No. 1-2). Far from a model of specificity, the Complaint alleges merely that Plaintiff "slipped and fell due to a dangerous condition on Defendants' premises and was seriously injured . . . ." (*Id*. ¶ 9). Based on this, and the observation that "Defendants negligently failed to design, construct, control, supervise, repair, and maintain the premises," (*Id*. ¶ 8), the Complaint sets forth claims of (1) negligence and (2) respondeat superior against Defendants. (*Id*. ¶¶ 10-15).

In the instant Motion, Defendants argue that the claim for respondeat superior should be dismissed as to both defendants, and that the claim for negligence should be dismissed as to Defendant Sosa.

## II.    LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary

judgment. *E.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.    DISCUSSION

In her Response, Plaintiff acknowledges that respondeat superior cannot stand as an independent cause of action, and concedes that the Motion to Dismiss should be granted as to that claim. (Pl.'s Resp. 1:22-28, ECF No. 10). Accordingly, Plaintiff's claim for respondeat superior will be dismissed. Because this deficiency cannot be corrected through amendment, the dismissal will be with prejudice.

As to the negligence claim asserted against Defendant Sosa, the Complaint alleges only that Defendant Sosa, as store manager, "negligently failed to design, construct, control, supervise, repair and maintain the premises and common areas generally known as CARDENAS MARKET located at 4700 Meadows Lane, Las Vegas, NV 89107 and further failed to warn PLAINTIFF of hazards which resulted in PLAINTIFF's injuries." (Compl. ¶¶ 3, 8). This type of conclusory allegation fails to satisfy the standard set forth

in *Iqbal*, as it is a simple recitation of the elements of a negligence claim, devoid of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Thus, the Court will dismiss Plaintiff's negligence claim as to Defendant Sosa. Because this deficiency in factual allegations may be corrected through amendment, the Court will grant Plaintiff leave to file an amended complaint.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 3), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim for respondeat superior is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claim for negligence is **DISMISSED WITHOUT PREJUDICE** as to Defendant Sosa.

**IT IS FURTHER ORDERED** that Plaintiff shall have **until February 1, 2016**, to file an amended complaint which corrects the deficiencies in the negligence claim asserted against Defendant Sosa. Failure to file by this deadline will result in dismissal of that claim with prejudice.

**DATED** this __8__ day of January, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court